UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Wesley Boone, ) | Civil Action No.: 4:15-cv-02041-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Beckwith, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner James Wesley Boone, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Petition, ECF No. 1. Respondent Warden Beckwith filed a motion for summary judgment, as well as a return and supporting memorandum with attachments. *See* ECF Nos. 13 & 14. The docket does not indicate Petitioner ever filed a response in opposition to the motion for summary judgment. The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Thomas E. Rogers, III.[1] *See* R & R, ECF No. 18. The Magistrate Judge recommends the Court dismiss this action with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). R & R at 2. Petitioner filed a timely objection to the R & R. *See* Pet.'s Obj., ECF No. 20. Respondent did not file a reply.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**Discussion**

The Magistrate Judge recommends this action be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  R & R at 2.  In so recommending, the Magistrate Judge relies on the fact that Petitioner did not file a response in opposition to Respondent's motion for summary judgment.  *Id.* at 1-2.  Petitioner objects to the Magistrate Judge's recommendation, claiming he mailed a response to the state Attorney General's Office that was postmarked before the thirty-four day deadline set forth in the Magistrate Judge's *Roseboro*[2] order. Pet.'s Obj. at 1; *see* ECF No. 15 (*Roseboro* order).  However, Petitioner does not provide a copy of the alleged response or any other material (such as a copy of the prison mailroom log) to support his claim

---

[2]  *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (holding a district court must provide a pro se litigant an explanation and "fair notice of the requirements of the summary judgment rule").

2

that he mailed the response to the Attorney General's Office; nor does Petitioner contend he filed a copy of the response with this Court. Respondent has not filed a reply to Petitioner's objection.

In light of the above facts, the Court declines to adopt the Magistrate Judge's recommendation at this time. This action involves a non-successive habeas petition to which Respondent has filed a pending summary judgment motion that addresses Petitioner's single ground for relief—ineffective assistance of counsel—on the merits. *See* ECF Nos. 13 & 14. Although the Court's docket does not indicate Petitioner ever filed a response in opposition, Petitioner claims he mailed one to the Attorney General's Office (where counsel for Respondent is located), and Respondent has not filed a reply disputing Petitioner's assertion. Therefore, in an abundance of caution, the Court will allow Petitioner to have **fifteen days** from the date of this order in which to serve and file a response in opposition to Respondent's motion for summary judgment. The Court will not grant any extensions, and if Petitioner fails to file a response within fifteen days, the Court will adopt the Magistrate Judge's R & R and dismiss the case based upon Petitioner's failure to prosecute.

## Conclusion

For the reasons stated above, the Court respectfully declines to adopt the Magistrate Judge's [ECF No. 18] R & R at this time. The Court **GRANTS** Petitioner **fifteen (15) days** from the date of this order in which to serve and file a response in opposition to Respondent's [ECF No. 13] pending motion for summary judgment. No extensions will be granted, and if Petitioner fails to file a response within fifteen days, the Court will dismiss this case with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Court **REFERS** this matter back to the Magistrate Judge for further handling.

**IT IS SO ORDERED.**

Florence, South Carolina
October 28, 2015

<u>s/ R. Bryan Harwell</u>
R. Bryan Harwell
United States District Judge