# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

_____

| | | |
|---|---|---|
| JAMES WESLEY BOONE, | ) | C/A No.: 4:15-cv-2041-RBH-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| WARDEN BECKWITH, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, James Wesley Boone (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on May 19, 2015. (Doc. #1). Respondent filed a motion for summary judgment on August 10, 2015, along with a return and memorandum. (Docs. #13 and #14). The undersigned issued an order filed August 10, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #15). Petitioner failed to file a response. After filing a report and recommendation recommending that the case be

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

dismissed for failure to prosecute, Petitioner filed an objection stating that he mailed a timely response in opposition to the Respondent but did not file it with the court. Respondent did not file a reply. Therefore, an order was issued allowing the Petitioner fifteen days from the date of the order in which to serve and file a response to the motion for summary judgment or his case would be dismissed. Petitioner filed a response in opposition and the matter was referred back to the undersigned for a report and recommendation addressing the merits.

## PROCEDURAL HISTORY

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in the Wateree River Correctional Institution pursuant to an order of commitment from the Clerk of Court for Sumter County. Petitioner was indicted during the September 2007 term of the Sumter County Grand Jury for armed robbery and criminal conspiracy (2007-GS-43-0640). He was represented by Lauren Stevens, Esquire (hereinafter "Counsel") of the Sumter County Public Defender's Office. On September 15, 2009, Petitioner appeared before the Honorable George C. James, Jr., where he pleaded guilty as indicted to armed robbery; Petitioner's conspiracy charge was dismissed pursuant to the plea. Judge

James sentenced Petitioner to imprisonment for a period of eighteen years with credit for time served. Thereafter, Petitioner, through his counsel, filed a Motion for Reconsideration. As a result of the hearing on this motion which was held on September 17, 2009, Judge James reduced Petitioner's sentence to fourteen years imprisonment.

## DIRECT APPEAL

The Petitioner filed a timely Notice of Appeal. Petitioner was represented by Elizabeth A. Franklin-Best, Esquire, on this direct appeal. In the Final Brief of Appellant, counsel raised the following issue:

> Did the trial judge abuse his discretion by sentencing appellant to 14 years in prison when such a lengthy sentence , under these circumstances, amounts to cruel and unusual punishment.

Final Brief of Appellant, p. 3. Following briefing, the South Carolina Court of Appeals affirmed Petitioner's plea and sentence. State v. Boone, Op. No. 2011-UP-399 (Ct. App. filed Aug. 22, 2011). The Remittitur was sent on September 7, 2011.

## PCR

Petitioner filed an application for post-conviction relief (PCR) on October 18, 2011, alleging that he was being held in custody rasing the following issues:

1. Ineffective Assistance of Counsel.

3

a. "Breach of promise."

2. Involuntary Guilty Plea.
   a. "Attempted to coerce trial court with set plea (without stating reason at original hearing)."

3. Prosecutorial Misconduct.
   a. "Coerced Applicant to accept plea then proceeded with picking jury for trial."

App. p. 41-48. Respondent made its Return on December 19, 2011, requesting an evidentiary hearing be held. An evidentiary hearing was convened on December 10, 2012, at the Sumter County Courthouse before the Honorable R. Ferrell Cothran, Jr. Petitioner was present and represented by Charles T. Brooks, III, Esquire. Respondent was represented by Assistant Attorney General Megan E. Harrigan of the South Carolina Attorney General's Office.

Petitioner testified on his own behalf and presented testimony from his mother, Alice Priest, and his sister, Arianne Baker. Counsel was also present and testified at the hearing. By order signed January 24, 2013 and filed January 31, 2013, Judge Cothran denied and dismissed the application with prejudice.

## PCR APPEAL

Petitioner filed a Petition for Writ of Certiorari on September 30, 2013. In this appeal, Petitioner was represented by Wanda H. Carter, Deputy Chief Appellate Defender of the Division of Appellate Defense. In the petition, counsel raised the

4

following question:

> I. Trial counsel erred in failing to clarify with the solicitor the expiration date attached to the state's plea offer in order to advise petitioner of the same because petitioner believed that there was no expiration date on the plea offer, but later learned that the plea offer had lapsed after he selected a jury for trial, even though he decided ultimately to plead guilty as charged.

(Petition for Writ of Certiorari, p. 2).

The Respondent was represented by Assistant Attorney General Megan Harrigan who filed a Return to the petition on February 18, 2014. In the Return, the question was restructured as follows:

> Is there evidence of probative value in the record to support the post-conviction relief court's finding that Counsel was not ineffective for advising Petitioner to plead guilty, where Counsel informed Petitioner prior to his guilty plea that the State's plea offer had expired and Petitioner acknowledged during his plea proceeding that he understood his plea was not pursuant to any negotiation or recommendation from the State.

(Return to Petition for Writ of Certiorari, p. 3).

On October 8, 2014, the Supreme Court of South Carolina entered it order that the petition for writ of certiorari was denied. The remittitur was issued on October 24, 2014.

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE:          Ineffective Assistance of Counsel; Violation
                     of the United States Constitution 6th
                     Amendment.

SUPPORTING FACTS:          Trial counsel erred in failing to clarify
                           with the solicitor the expiration  date
                           attached to the state's plea offer in
                           order to advise  petitioner of the same
                           because petitioner believed there was
                           no expiration date on  the plea offer,
                           but later learned  that the plea offer
                           lapsed after he selected a jury for trial,
                           even  though he decided ultimately to
                           plead guilty as charged. Counsel led
                           him  to believe that after a jury was
                           picked the 10 year plea offer would still
                           be available.

(Habeas Petition).

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by

pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz

v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's

function, however, is not to decide issues of fact, but to decide whether there is an

issue of fact to be tried.  The requirement of liberal construction does not mean that

the court can ignore a clear failure in the pleadings to allege facts which set forth a

federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory

allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any."  Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court

8

> shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case.  Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)).  However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable."  Id.  "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable."  McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).  Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

9

## ANALYSIS

### Ground One

In Ground One, Petitioner argues ineffective assistance of counsel asserting counsel failed to clarify with the State whether the plea offer had an expiration date and to advise Petitioner that the plea offer had an expiration date. Respondent argues that the state court reasonably applied the mandates of Strickland v. Washington and Hill v. Lockhart in concluding that the Petitioner failed to meet his burden of proof to show that he had received ineffective assistance of counsel during his guilty plea.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant

10

the right to effective assistance of counsel in a criminal prosecution.  McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).  In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel.  A petitioner must first show that his counsel committed error.  If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). The Court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the Strickland analysis). In meeting the second prong of the inquiry, a complaining

defendant must show that he was prejudiced before being entitled to reversal.
Strickland requires that:

> [T]he defendant must show that there is a reasonable
> probability that, but for counsel's unprofessional errors,
> the result of the proceeding would have been different. A
> reasonable probability is a probability sufficient to
> undermine confidence in the outcome.

Strickland, at 694.

These issues were raised and ruled upon by the PCR court and raised in the PCR appeal.

Petitioner testified at the PCR hearing. He testified that he met with counsel several times prior to his guilty plea and that he was originally charged with Armed Robbery and Conspiracy. He testified that after a jury had been selected, he entered into a negotiated plea. Petitioner averred that he initially thought he would be able to plead to the lesser included offense of strong-armed robbery, but he entered a plea to the Armed Robbery and the State dismissed the Conspiracy charge. However, Petitioner testified that he thought he was pleading to a negotiated ten-year sentence, and he signed the sentencing sheet believing he would receive a ten-year sentence. He admitted that he was guilty of armed robbery, stated several times how remorseful he was, and apologized to the victim several times. Petitioner stated that the armed robbery was videoed, and he gave a statement admitting his guilt to law enforcement.

Petitioner testified that counsel filed a motion for reconsideration of the sentence and informed the plea court of the prior ten-year plea negotiation, he recalled the judge stating that he would hot have accepted a ten-year negotiated plea, and he acknowledged that his sentence was reduced by four years. Petitioner stated that he did not want a jury trial but wanted the court to reduce his sentence to ten years to honor the negotiated plea. Petitioner's mother and sister testified at the PCR hearing that they were present when Counsel told Petitioner that if he pleaded guilty, he would receive a ten-year sentence.

At the PCR hearing, trial counsel testified that she had represented Petitioner for approximately two years before he entered his guilty plea, that she visited him numerous times, that she went over the elements of both charges he was facing, and that she advised him of potential sentences he could receive. She further testified that she reviewed the discovery materials with Petitioner and felt the evidence in the case was "overwhelming." Counsel testified that Petitioner had given an incriminating statement to law enforcement, there was video of the armed robbery, the co-defendant was available to testify against him if the matter proceeded to trial, he never denied his guilt to her, and he indicated from the beginning of her representation that he wanted to plead guilty. Based on the fact that Petitioner wanted to plead guilty, she averred that she entered into plea negotiations with the State and advised Petitioner

13

that she hoped to negotiate a plea deal to allow him to plead to a lesser included offense of strong-armed robbery. However, after a new assistant solicitor was assigned the case, negotiations came to an end as he was more aggressive. Counsel testified that Assistant Solicitor Harry Connor who prosecuted the case, reluctantly agreed to a ten-year plea deal after much negotiation. Counsel testified that she informed Petitioner and his family of the ten-year offer and Petitioner wanted to accept the plea offer but requested that she put off entering the plea as long as she could to allow him to spend more time with his family. Counsel testified that she attempted to avoid Assistant Solicitor Connor in hopes of delaying the plea to honor Petitioner's wishes. After the jury was selected, counsel testified that Assistant Solicitor Conner informed her that the plea negotiations were no longer valid, a plea would be without any recommendations or negotiations, and that she informed Petitioner. Counsel averred that she informed Petitioner that he would face a sentence of anywhere from ten to thirty-years which he was not happy about but understood. Counsel testified that Petitioner, understanding that he could receive up to thirty years, wanted to proceed with the plea. Counsel testified that after the sentence was entered, she moved for reconsideration of the sentence, and a hearing was held a few days later before Judge James. Counsel informed Judge James about the prior ten-year negotiation and asked Judge James to either enforce the plea offer or reduce the sentence. At the

14

reconsideration hearing, counsel testified as follows:

> Mr. Conner gave me the plea sheet Monday afternoon with negotiated still marked on it. No time after than when he gave me that plea sheet did he say he cannot have ten (10) years. After we, right before we picked the jury I was taking the plea sheet back to him and he was upset that Mr. Scurry [co-defendant] was getting off so Mr. Conner looks at him and says go sit down we'll pick your jury. Not at that time did he say and the ten (10) years is gone. I still had a plea sheet, Your Honor, with negotiated ten (10) year sentence written on it. He never asked me back for the plea sheet, never told me it was no longer on the table. . . . At no time during that conversation did he say- - he did say I will never offer you another offer but he did not say at that time that this particular offer was off the table and as we were trying to negotiate Monday afternoon he never said the negotiated plea is off the table. When we signed the plea sheet, which still had negotiated sentence marked on it, when I gave it to him, he said this isn't a negotiation anymore. I figured it wouldn't be just because I know Mr. Conner.

(Tr. 31-32).

At the PCR hearing, counsel testified that Judge James stated that he would not have accepted a ten-year negotiated sentence for Petitioner's case due to the severity of the charges. However, Judge James reduced the sentence by four years.

A review of the transcript from the plea hearing reveals that before taking the plea, the judge asked if Petitioner understood that the plea was without recommendations. Counsel stated yes and the Court stated "[h]is body language tells me otherwise." (Tr. 3). Counsel stated that Petitioner understood but was not happy

15

about it. Id. The judge then asked Petitioner directly if he understood that it was without recommendation as to sentencing and he stated he understood. (Tr. 4). The judge went over with Petitioner his charges, the maximum and minimum sentence he could receive, that the crime was considered a most serious offense and what that meant, that it was classified as a violent offense and what that meant, his rights to a jury trial and what rights he would be waiving if he pleaded guilty. (Tr. 7-10). The judge explained to Petitioner that he could sentence him to imprisonment up to thirty years and that he would have to serve at least eighty-five percent of the sentence. (Tr. 8-9). Petitioner stated that he understood and wanted to plead guilty, Petitioner testified that no one had threatened him or promised him anything to have him plead guilty and that he was satisfied with the services of his attorney. (Tr. 10-14). Petitioner stated that he was guilty and testified as to the details of how he participated in the robbery of the Chinese restaurant. (Tr. 11-12). Petitioner was sentenced to eighteen years with credit for time served.[2]

At the motion hearing for reconsideration, Counsel explained to the court that as a result of plea negotiations, there had been a plea offer of ten years which she thought was still on the table the day the jury was selected. Counsel stated that it was still on the sentencing sheet they signed as negotiated. The judge stated that even if

---

[2] Counsel informed the court that Petitioner had served twenty-two months before bonding out.

the negotiated plea offer of ten years had come before him, he would not have

considered a ten-year sentence because Petitioner was the one holding the weapon

during the robbery. (Tr. 39). However, he reduced the sentence to fourteen years.

In the order of dismissal, the PCR court found as follows:

> This Court has had the opportunity to review the record in
> its entirety and has heard the testimony at the post-
> conviction relief hearing. This Court has further had
> the opportunity to observe the witnesses presented at
> the hearing, closely pass upon their credibility and
> weigh their testimony accordingly. Specifically, this
> Court finds that Counsel's testimony is very credible
> while Applicant's testimony is not credible. . . .

> Applicant alleges that Counsel was ineffective for
> "breach[ing] [a] promise" during her representation of
> Applicant. In a post-conviction relief action, the
> Applicant has the burden of proving the allegations in the
> application. Rule 71.1(e), SCRCP; Butler v. State, 286
> S.C. 441, 334 S.E.2d 813 (1985). Where ineffective
> assistance of counsel is alleged as a ground for relief,
> the Applicant must prove that "counsel's conduct so
> undermined the proper functioning of the adversarial
> process that the trial cannot be relied upon as having
> produced a just result." Strickland v. Washington, 466 U.S.
> 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984);
> Butler, 286 S.C. 441, 334 S.E.2d 813 (1985).

> The proper measure of performance is whether the
> attorney provided representation within the range of
> competence required in criminal cases. Courts presume
> that counsel rendered adequate assistance and made all
> significant decisions in the exercise of reasonable
> professional judgment. Butler, 286 S.C. 441, 334
> S.E.2d 813 (1985). The Applicant must overcome this

presumption to receive relief.  Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

Courts use a two-pronged test in evaluating allegations of  ineffective assistance of counsel. First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at 117, 385 S.E.2d at 625  (citing Strickland). Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625.  With respect to guilty plea counsel, the Applicant must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. 2d 203 (1985).

After careful review based on the standard discussed above, the Applicant has failed to carry his burden in this action.  This Court finds that the Applicant has failed to prove that Counsel was ineffective in his representation of the Applicant for "breach of promise." Counsel testified that she fully reviewed the discovery with the Applicant and discussed Applicant's version of the facts with him. Counsel testified that [she] advised Applicant of the elements of each charge he was facing, what the State would be required to prove if he proceeded to trial, and the possible sentences Applicant was facing for each charge.  At Applicant's request, Counsel attempted to secure a favorable plea negotiation for Applicant. After securing a ten-year negotiated sentence included the dismissal of Applicant's conspiracy charge, Applicant requested that Counsel delay his plea for as long as possible.  Counsel

did so, resulting in a withdrawal of the State's plea negotiation. Counsel clearly and unequivocally communicated to Applicant that no plea offer remained, and despite this, Applicant decided to proceed forward without a negotiation or recommendation. Following Applicant's guilty plea hearing, Counsel filed a timely Motion for Reconsideration, which was heard by the plea court two days after the plea. This Court finds that Counsel's performance was reasonable and effective.

Additionally, this Court finds that the Applicant has failed to establish any prejudice resulting from Counsel's alleged ineffective assistance of counsel, as the Applicant stated numerous times during the evidentiary hearing that he was guilty of armed robbery and that he did not want to proceed to trial on these charges. Therefore, this Court finds that this allegation of ineffective assistance of counsel must be denied and dismissed.

(Tr. 98-106).

A plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true. The defendant may not later argue that his plea was invalid except in extremely limited circumstances, Blackledge v. Allison, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific). "The accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some

19

reasonable allegation why this should not be so." Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975).[3] When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370 (1985); Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2001).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra.  The PCR court found that Petitioner failed to meet the first and second prongs of Strickland, The PCR court found Counsel's testimony "very credible" while finding Applicant not credible. (Tr. 102). The PCR court's factual

---

[3] See also Bemis v. United States, 30 F.3d 220, 222-23 (1st Cir.1994)(observing general rule that a defendant pursuing habeas relief is "ordinarily bound by his or her representations in court" vis-a-vis a plea); United States v. Butt, 731 F.2d 75, 80 (1st Cir.1984)(affirming denial of habeas motion without a hearing, concluding that the movant's allegations that his attorney had mislead him concerning the judge's acceptance of the plea were "unsupported by specific facts and contradicted by the record," the habeas motion being bare of "credible, valid reasons why a departure from [his] earlier contradictory statements is ... justified," citing Crawford v. United States, 519 F.2d 347, 350 (4 th Cir.1975)).

determinations regarding credibility are entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground One.

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (doc. #13) be granted and the petition be dismissed without an evidentiary

hearing.

Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
November 24, 2015                                United States Magistrate Judge
Florence, South Carolina


**The parties' attention is directed to the important information on the attached notice**.