UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James Wesley Boone, | ) | Civil Action No.: 4:15-cv-02041-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Beckwith, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner James Wesley Boone, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The matter is before the Court for consideration of Petitioner's objections to the Report and Recommendation (R & R) of United States Magistrate Judge Thomas E. Rogers, III.[1] *See* ECF Nos. 31 & 34. For the reasons stated below, the Court adopts the Magistrate Judge's R & R, grants Respondent's motion for summary judgment, and dismisses Petitioner's § 2254 petition with prejudice.

**Background**[2]

In 2009, Petitioner pled guilty to armed robbery in state court, and the plea court imposed a sentence of fourteen years' imprisonment.[3] *See* ECF No. 14-9 at 3-41. The South Carolina Court of Appeals affirmed Petitioner's conviction and sentence in 2011, and Petitioner filed a state post-conviction relief (PCR) application that same year. *See* ECF No. 14-3; ECF No. 14-9 at 43-50. The

---

[1]   This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

[2]   The Magistrate Judge's R & R contains a thorough summary of the facts and procedural history of this case, with citations to the record, and the Court adopts and incorporates that summary by reference. *See* R & R at 2-5, 12-19.

[3]   The plea court originally sentenced Petitioner to eighteen years' imprisonment but granted his motion for reconsideration. ECF No. 14-9 at 40.

PCR court denied and dismissed the application with prejudice in 2013, and the South Carolina Supreme Court denied Petitioner's petition for a writ of certiorari in October 2014. *See* ECF No. 14-9 at 99-109; ECF No. 14-7. Petitioner filed the instant § 2254 habeas petition on May 19, 2015. *See* ECF No. 1.

Petitioner raised a single ground for relief in his § 2254 petition: that plea counsel was ineffective for failing to consult with the State to determine whether a negotiated plea offer—with a recommended sentence of ten years—had an expiration date and for failing to advise Petitioner that the plea offer did in fact have an expiration date. *See id.* at 5. Respondent agreed Petitioner exhausted his state remedies for this ground as required by 28 U.S.C. § 2254(b)(1)(A), and that the ground was ripe for adjudication in federal court. ECF No. 14 at 5-6. Respondent filed a motion for summary judgment, as well as a return and supporting memorandum. *See* ECF Nos. 13 & 14. Petitioner filed a response in opposition to Respondent's motion for summary judgment. *See* ECF No. 27. The Magistrate Judge issued an R & R recommending that the Court grant Respondent's motion for summary judgment and dismiss Petitioner's petition without an evidentiary hearing. *See* R & R, ECF No. 31. Petitioner filed timely objections to the R & R. *See* ECF No. 34.

## Legal Standards

I.   **Review of the Magistrate Judge's R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the

matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## II.     Federal Habeas Review Under 28 U.S.C. § 2254

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 governs review of his claims. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d)(1) describes the standard of review to be applied to claims challenging how the state courts applied federal law, while § 2254(d)(2) describes the standard to be applied to claims challenging how the state courts determined the facts." *Winston v. Kelly*, 592 F.3d 535, 553 (4th Cir. 2010).

3

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "[e]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Moreover, state court factual determinations are presumed to be correct, and Petitioner has the burden to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Under the AEDPA, a federal court must afford a state court's decision "deference and latitude that are not in operation when the case" is being considered on direct review. *Harrington*, 562 U.S. at 101. Federal review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. *See id.* at 98 (observing "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show there was no reasonable basis for the state court to deny relief. *Id.* Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Id.* at 102.

In other words, to obtain habeas corpus from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that

4

there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (internal quotation marks omitted).

**III.     *Strickland* Test for Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A habeas petitioner must first show counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687-88; *see also Harrington*, 562 U.S. at 105 ("Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)."). Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694.

The *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the guilty plea context, the inquiry regarding counsel's alleged deficiency hinges on whether the defendant knowingly, voluntarily, and intelligently entered his plea. *See id.* at 56 (stating that when "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases" (internal quotation marks omitted)). The prejudice component "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59 ("In other words, in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that,

5

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

### IV.     Relationship Between § 2254(d) and *Strickland*

"The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal quotation marks and citations omitted). Consequently, when applying § 2254(d) to an ineffective assistance of counsel claim, the Court must determine "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

## Discussion

The Magistrate Judge recommends that the Court grant Respondent's motion for summary judgment and dismiss Petitioner's habeas petition without an evidentiary hearing. R & R at 21-22. In the R & R, the Magistrate Judge evaluated Petitioner's claim that he is entitled to habeas relief because plea counsel was ineffective for (1) failing to consult with the State to determine whether a negotiated plea offer—with a recommended sentence of ten years—had an expiration date and (2) failing to advise Petitioner that the plea offer did in fact have an expiration date. *Id.* at 10. After reviewing the record and concentrating on the PCR court's credibility findings, the Magistrate Judge concluded Petitioner could not demonstrate that the state PCR court's decision rejecting the ineffective assistance of counsel claim was contrary to or unreasonable under clearly established federal law, or that the PCR court made objectively unreasonable factual findings. *Id.* at 10-22.

In his objections, Petitioner sets forth his version of the facts, summarizes the law applicable to claims of ineffective assistance of counsel, generally "objects to the . . . report and recommendation," and makes the broad assertion "that it is clearly on record that his counsel was ineffective." *See* ECF No. 34. Petitioner reiterates what he has already argued to the Magistrate Judge (by way of his response

in opposition to Respondent's motion for summary judgment, *see* ECF No. 27), and his objections do not appear to direct the Court to a specific error in the R & R. *See Orpiano*, 687 F.2d at 47 (stating a district court need not conduct a de novo review of the R & R when a party makes only general and conclusory objections to a magistrate judge's proposed findings and recommendations); *Martin v. Cartledge*, No. CV 1:14-4278-BHH, 2016 WL 302664, at *2 (D.S.C. Jan. 26, 2016) ("Petitioner's objections consist of nothing more than arguments that the Magistrate Judge has already considered and rejected. Thus, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not extensively discuss those same issues for a second time here."). Regardless, the Court has conducted a de novo review of the R & R and finds no error in the Magistrate Judge's disposition of Petitioner's habeas claim.

The state PCR court applied the *Strickland* test for ineffective assistance of counsel and rejected the claim that Petitioner now presents in his § 2254 petition. *See* ECF No. 14-9 at 99-109 (PCR court's order denying and dismissing Petitioner's PCR application). First, the PCR court found plea counsel's performance was not deficient, a finding based on its threshold determination that plea "[c]ounsel's testimony is very credible while [Petitioner]'s testimony is not credible." *Id.* at 104; *see Merzbacher v. Shearin*, 706 F.3d 356, 364 (4th Cir. 2013) ("[U]nder § 2254 federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them. Rather, for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." (second alteration in original) (internal quotation marks and citations omitted)). The PCR court noted that after plea counsel secured a favorable plea offer with a negotiated sentence of ten years, Petitioner requested that counsel delay entry of his plea for as long as

possible; plea counsel obliged Petitioner's request. ECF No. 14-9 at 106. This delay, made at Petitioner's behest, resulted in the State withdrawing the plea offer. *Id.* at 103-04. Plea counsel informed Petitioner that the State's plea offer, including the ten-year negotiated sentence, no longer was available. *Id.* at 104, 106. Knowing the offer had been revoked, as well as the fact that he faced a maximum sentence of thirty years for armed robbery, Petitioner still decided to plead guilty without a negotiated or recommended sentence. *Id.* Significantly, the plea transcript confirms Petitioner knew he was pleading without a negotiation or recommendation:

| | |
|---|---|
| The Court: | [The solicitor] indicates that you've indicated that your client wants to plead guilty, is that correct? |
| [Plea counsel]: | Yes, sir, Your Honor, it is. |
| The Court: | Does he understand that the plea is without recommendations? |
| [Plea counsel]: | He does, Your Honor. |
| The Court: | All right. His body language tells me otherwise. |
| [Plea counsel]: | He understands it. He's not happy about it but he understands it. |
| The Court: | Do you understand? |
| [Petitioner]: | Yes, sir. I understand. |

*Id.* at 5-6; *see Hill* 474 U.S. at 56 (indicating that in the guilty plea context, the inquiry regarding counsel's alleged deficiency hinges on whether the defendant knowingly, voluntarily, and intelligently entered his plea).

Second, the PCR court found Petitioner suffered no prejudice as a result of plea counsel's

alleged deficiency, relying on the fact that Petitioner testified he was guilty of armed robbery and did not want to proceed to trial. ECF No. 14-9 at 106; *see Hill*, 474 U.S. at 58-59 ("In the context of guilty pleas, the . . . 'prejudice[]' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). Also supporting the PCR court's no prejudice finding is the fact that at the hearing on Petitioner's motion for reconsideration of the sentence, the plea court stated it would not have accepted the negotiated plea offer of ten years had it been presented at the plea hearing:

> The Court:   What I'm trying to do is balance in my mind the sheer terror that the victim felt and the fact that citizens of this country are increasingly exposed to these senseless crimes involving guns. *And I want to make sure that the record shows that I'm not going to grant the motion based on the negotiated deal. . . . I'm not going to sentence you to ten years. I just couldn't do that.*
>
>              . . . .
>
>              ***I would not have considered a ten (10) year sentence anyway.***

*Id.* at 40 (emphasis added). Thus, Petitioner could not demonstrate a reasonable probability that "counsel's constitutionally ineffective performance affected the outcome of the plea process," *Hill* 474 U.S. at 59, because the plea court never would have accepted and imposed the ten-year sentence recommendation in the first place.

As the Magistrate Judge explains in the R & R, the sole inquiry for the Court is whether, within the meaning of 28 U.S.C. § 2254, the South Carolina courts (i.e., the PCR court and the South Carolina

Supreme Court[4]) acted contrary to or unreasonably applied clearly established holdings of the United States Supreme Court, or unreasonably determined the facts based on the evidence in the record, in concluding Petitioner's plea counsel was not constitutionally ineffective under *Strickland*. *See* 28 U.S.C. § 2254(d). A review of the record confirms the state courts did not. Accordingly, the Court overrules Petitioner's objections and adopts and incorporates the Magistrate Judge's R & R by reference.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### Conclusion

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Petitioner's objections, and considered the applicable law. The Court has conducted a de novo review of the R & R, and it finds no merit in Petitioner's objections. For the reasons stated in the Court's order

---

[4] As noted above, the South Carolina Supreme Court upheld the PCR court's findings by denying Petitioner's petition for a writ of certiorari that sought appellate review of the PCR court's order. *See* ECF No. 7.

and in the Magistrate Judge's R & R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 31] by reference.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment [ECF No. 13] is **GRANTED** and that Petitioner's habeas petition is **DISMISSED WITH PREJUDICE.  IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**


Florence, South Carolina                                              s/ R. Bryan Harwell
February 3, 2016                                                      R. Bryan Harwell
                                                                      United States District Judge